UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| DARRYL RANDOLPH BAKER, #290407 ) | |
| ) | |
| v. ) | NO. 2:09-CV-135 |
| ) | *Greer/Inman* |
| HAMBLEN COUNTY JAIL STAFF and ) | |
| MEDICAL STAFF ) | |

**MEMORANDUM and ORDER**

Acting *pro se*, Darryl Randolph Baker, once a pretrial detainee and now a convicted prisoner in the Hamblen County jail, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he is being denied medical care at that facility. The defendants are the Hamblen County Jail Staff and Medical Staff.

I. **The Application to Proceed without Prepayment of Fees**

Plaintiff has also submitted an application to proceed *in forma pauperis* and an affidavit, which reflects that he has—and has had for the preceding six months—a zero balance in his inmate trust fund. Nonetheless, because plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350, *see* 28 U.S.C. § 1914(a), which shall be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). Accordingly, the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such

monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts wherein plaintiff is confined to ensure compliance with the fee assessment and collection procedures outlined above.

II. **Screening the Complaint**

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

Plaintiff's core complaint is that he has been seeking medical attention for a broken arm and surgery for a torn A.C.L. [anterior cruciate ligament] since he entered the jail in September 2007 and has been told by the nurse that nothing could be done. More specifically, plaintiff asserts that he was sentenced to a two-year prison sentence on July 25, 2008, and that, afterwards, he asked the nurse for a transfer to the Tennessee Department of Correction so that he could obtain the necessary medical care. The nurse declined the request, stating that he did not have enough time remaining to be sent to prison. Plaintiff maintains that he now has numbness in his fingers, possible nerve damage in his arm, a bone

---

[1] If, at any time in the future, plaintiff's inmate trust account reaches the ten-dollar mark, the filing-fee payments should be mailed to: Clerk's Office, USDC; 220 West Depot Street, Ste. 200; Greeneville, TN 37743.

in his arm on the verge of breaking through skin, and terrible pain on a daily basis.

Also, the doctor recommended that plaintiff check his blood pressure every day. The nurse checked his blood pressure once and changed his medication, but has not rechecked it for the last six weeks.

III. **Law & Analysis**

It is now well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Where a prisoner alleges that he has been denied medical care, the objective factor is satisfied by a condition which amounts to a serious medical need. *Id.* at 834; *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official acts with deliberate indifference so long as he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws that inference. *See Farmer*, 511 U.S. at 837.

Plaintiff's claim concerning his blood pressure monitoring falls short of the mark since the facts as alleged—a six-week failure to check plaintiff's blood pressure—illustrate medical negligence at the very most. *Estelle*, 429 U.S. at 106 ("Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a

valid claim of medical mistreatment under the Eighth Amendment."). Had plaintiff alleged that he notified the nurse that he was having problems with his blood pressure or his medication and further alleged that she declined to see him or check his blood pressure levels, a different conclusion could be reached. No such contentions of fact have been offered here. As it is, plaintiff's assertions involving his blood pressure fail to state a claim because nothing alleged would support any inference of deliberate indifference.

Plaintiff's assertions involving the lack of medical care for his arm arguably state a constitutional claim. *See Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976) (allowing an inmate to suffer unnecessary pain where relief readily at hand violated the Eighth Amendment). Typically, the next step in this case would be to direct the Clerk to send plaintiff a service packet

That cannot be done in this case, however, because plaintiff has charged wrongdoing on the part of the Hamblen County Jail Staff and the Medical Staff but has failed to identify by name the individual member of either staff who is claimed to have engaged in unconstitutional conduct.

Plaintiff has no viable claim against the named defendants since they are not "bodies politic"and, therefore, not "persons" subject to suit within the terms of § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Hix v. Tennessee Dept. of Corrections*, 196 Fed. Appx. 350 *355 (6th Cir. Aug. 22, 2006) (same) (prison medical departments) (listing cases). Thus, plaintiff has not

4

stated a claim for relief under section 1983 against these defendants.

Nonetheless, being mindful of plaintiff's *pro se* status and the liberality with which *pro se* pleadings must be read, he will be permitted to amend his complaint to specify the individual member(s) of the jail staff or the medical staff who he purports violated his civil rights. Unless, within twenty [20] days of the date on this order, the complaint is amended to correct the noted deficiency, this case will be **DISMISSED** in its entirety for failure to state a claim.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE