UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DARRYL RANDOLPH BAKER, #290407 )
)
v. ) NO. 2:09-CV-135
) *Greer/Inman*
HAMBLEN COUNTY JAIL STAFF, )
MEDICAL STAFF, and LINDA BROOKS )

## **MEMORANDUM OPINION**

This *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 is before the Court upon an unopposed motion to dismiss, [Doc. 9], filed by the sole remaining defendant, Linda Brooks, a nurse at the Hamblen County jail, where plaintiff was once incarcerated.[1] In the complaint filed in mid-July of 2009, [Doc. 3], plaintiff claims that he had been seeking medical attention for a broken arm and surgery for a torn ACL since he entered the jail in September, 2007, but that Nurse Brooks told him that nothing could be done for him. These contentions impliedly raise a claim for a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (finding that the Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs.)

---

[1] Plaintiff has notified the Court that he has been released from hisl confinement. [Doc. 10].

In her motion to dismiss, defendant nurse asserts that the claims against her should be dismissed because plaintiff did not comply with the statutory exhaustion requirement in 42 U.S.C. § 1997e(a). As defendant has correctly observed in her motion, 42 U.S.C. § 1997e(a) provides that a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Even where money damages are unavailable through the prison grievance process, so long as the prison authorities will review his complaint, a prisoner must still exhaust his claims since he "'exhausts' processes, not forms of relief, and the statute provides that one must." *Booth*, 532 U.S. at 741.

In paragraph II of plaintiff's complaint, he indicates that there is a prisoner grievance system at the Hamblen County jail, but that he felt as though he should not have to use it because he followed proper medical procedures. However, "[s]ection 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Brock v. Kenton County, Kentucky*, 93 Fed. Appx. 793, 798, 2004 WL 603929, at * 3 (6th Cir. Mar. 23, 2004) (quoting *Chelette v. Harris,* 229

F.3d 684, 688 (8th Cir. 2000)).  Unquestionably, plaintiff did not present his claim about his medical care through the formal grievance process and, thus, did not satisfy the requirements of § 1997e(a).

Since plaintiff has not exhausted his available administrative remedies, defendant's motion to dismiss will be **GRANTED** and the complaint will be **DISMISSED** without prejudice.

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE